UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                   CASE NO.: 15-20216-CR-GAYLES

LAZARO NUNEZ-MARTINEZ,

     Defendant.
_____/

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the Defendant LAZARO NUNEZ-MARTINEZ by and through his undersigned counsel and for his memorandum in support of his upcoming sentencing would state as follows:

1.  That on September 14, 2015, the defendant appeared before this court and entered a guilty plea to both counts of the indictment which generally charged him with Hobbs Act robbery and brandishing a firearm in furtherance of a crime of violence.  The plea was entered pursuant to a written plea agreement with the government.  (DE #36)

2.  After accepting the defendant's guilty plea, this court set sentencing for this Monday, November 23, 2015 at 10:00 a.m.  (DE #38)

3.  The defendant, who has no prior criminal convictions and zero criminal history points (see PSI at ¶26) is facing a guideline sentence for the robbery counts of 24-30 months (Level 17 and see ¶62 of the PSI) and a mandatory seven (7) year consecutive sentence for brandishing of the firearm.  In light of the factors set forth below, the defendant would request a downward variance from the applicable

guideline range as to Count I.

***Request for Variance***

***Variances Generally***

In *Pepper v. United States* 131 S. Ct. 1229 (2011), the United States Supreme Court emphasized the need for individualized sentencing based not only on the crime but on the defendant.   In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the sentencing guidelines are ***advisory* only**, not mandatory. The other factors set forth in 18 U.S.C. §3553 (a) must also be considered in fashioning the appropriate sentence. These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; © to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the advisory guideline range; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense. *Booker*, 125 S. Ct. at 764; see also *Gall v. United States*, 552 U.S. 38 (2007) ; *Kimbrough v. United States*, 552 U.S. 85 (2007).

After *Booker*, the sentencing Guidelines are advisory, and the sentencing court, in its own discretion, can move below the advisory Guidelines range without a motion for downward departure as long as the resulting sentence is reasonable.  *United States*

*v. Williams*, 435 F.3d 1350 (11th Cir. 2006)

In rendering the Sentencing Guidelines advisory, *Booker* established a new independent limit on sentences that may be imposed.  The primary sentencing mandate of §3553(a) states that a court must impose a minimally sufficient sentence to achieve the statutory purposes of punishment – justice, deterrence, and rehabilitation are set forth in the beginning sentence where it states that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553(a)(2).

"Just because a consideration was improper under the mandatory Guidelines regime does not mean that it is necessarily improper under the advisory Guidelines regime." *United States v. Garcia*, 497 F.3d 964, 971-72 (9th Cir. 2007).  Therefore, a sentencing judge could well conclude that a . . . discouraged factor did not quite justify a departure from the guidelines . . . but might justify a somewhat shorter sentence under a reasonableness standard. *United States v. Thurston* 456 F.3d 211 (1st Cir. 2006)

### *History and Characteristics of the Defendant*

One of the crucial factors for this court to consider in weighing the reasonableness of the sentence to be imposed as to Count I is the history and characteristics of the defendant.  The defendant, who is twenty (20) years of age, emigrated from Cuba less than two years prior to the commission of this offense.

He comes from a very low socioeconomic in Havana, Cuba having been primarily raised by his grandparents since he was five years old.  After his father

emigrated to the United States, he was unable to be supported by his mother.  When he came to the United States, he lived in a trailer in north Dade and was employed in menial jobs.

As noted by the defendant, when he was a child in Cuba he suffered from what appears to have been epileptic seizures as a child.  Though he has not suffered a seizure since age 11, since these seizures occurred during the defendant's formative years has left him mentally challenged.

According to the defendant's father in ¶34 of the PSI, as a result of seizures that the defendant has suffered as a child has left the defendant "with significant learning impairments and delays."  The defendant's father characterizes the defendant as having the learning and comprehension level of a pre-kindergarten student.  Further, the defendant's father related at ¶52 of the PSI that the defendant attended the equivalent of a "special needs" school in Cuba.  The special needs education in Cuba is vastly different than in the United States as it is more vocational than educational.  His employment history in the United States has been more menial than skilled employment.

As a result of the defendant's medical and psychological history, he is currently being treated at FDC as well.  While the defendant describes his condition as "anxiety," officials at FDC have revealed that the defendant is being treated with mirtazapine.  (See PSI at ¶46)

According to www.drugs.com Mirtazapine is an antidepressant. It affects chemicals in the brain that may become unbalanced and cause depression.  In addition, it is classified as "being used to treat major depressive disorders."  Some

of the side effects of this drug include that "some young people have thoughts about suicide when first taking an antidepressant. Your doctor will need to check your progress at regular visits while you are using mirtazapine. Your family or other care givers should also be alert to changes in your mood or symptoms."  Combining this with the defendant's continued incarceration show the seriousness of the defendant's mental issues.

This court will sentence the defendant to a term of mandatory term of incarceration as to Count 2 of no less than seven (7) years for the brandishing of the firearm.  In light of the defendant's history and characteristics combined with his mental health history, this court should vary downward from the applicable guideline range as to Count 1.

### Credit for Time Spent in State Custody

According to the docket and the report commencing criminal action (DE #6) the defendant was taken into custody by the United States Marshal on April 9, 2015 and under normal circumstances he would be given credit for time served from that date.

However, as correctly indicated by ¶27 of the PSI, he was arrested by state and local authorities for the identical conduct on March 11, 2015.  He remained incarcerated in the Dade County Jail until a writ was issued for him when the federal prosecution commenced for the identical conduct.  (DE #3, 4)

Therefore, the defendant should be entitled to credit for time served from March 11, 2015 (his date of arrest for the identical conduct) and not April 9, 2015 (the date of his initial appearance).

WHEREFORE in light of the foregoing and for the reasons stated herein this court should grant a downward variance from advisory guideline range as to Count 1.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 3rd day of November 2015.

Respectfully submitted,

VICTOR E. ROCHA, P.A.
Counsel for Defendant NUNEZ-MARTINEZ
990 Biscayne Boulevard
Suite O-903
Miami, Florida 33132-1557
Tel.: (305) 774-9111
Fax.: (305) 514-0987
E-Mail: *vicrocha@comcast.net*

*/s/ Victor Rocha, Esquire*
By: VICTOR ROCHA, ESQUIRE
Florida Bar No.: 366382